ARBOGAST et al., Appellants,

v.

PETERSON et al., Appellees.

[Cite as *Arbogast v. Peterson* (1993), 91 Ohio App.3d 22.]

Court of Appeals of Ohio,
Summit County.

No. 16129.

Decided Oct. 6, 1993.

*Legal Rights Service, Joseph H. Brockwell, Harry Keith* and *Winnifred Weeks,* for appellants.

*Lee Fisher,* Attorney General, and *David Kovach,* Assistant Attorney General, for appellees.

QUILLIN, Judge.

Appellants, patients at Fallsview Psychiatric Hospital, appeal from the trial court's order denying their motion for partial summary judgment and granting the cross-motion for summary judgment of appellees, the Chief Executive Officer of Fallsview and the Director of the Ohio Department of Mental Health. We affirm.

Fallsview Psychiatric Hospital ("Fallsview") is a state-operated institution for the psychiatric care and treatment of mentally ill adults. In 1990, Fallsview's Chief Executive Officer, Barbara Peterson, implemented a no-smoking policy at the hospital which prohibited patients from smoking. Staff and visitors, however, could smoke outside in designated areas.

In response to the policy, appellants filed a class action complaint against appellees seeking declaratory and injunctive relief. Appellants moved for partial summary judgment, to which appellees responded with a cross-motion for summary judgment. The trial court granted appellees' motion on all issues except one. The court determined the remaining issue in appellees' favor after a hearing. Appellants appeal and raise three assignments of error.

## Assignment of Error No. I

"The trial court erred as a matter of law when it entered judgment in favor of appellees on appellants' first cause of action, which alleged that Fallsview Psychiatric Hospital's no-smoking policy was invalid because it was not promulgated as an administrative rule under R.C. Chapter 119 or 111."

Appellants contend that the Fallsview no-smoking policy is invalid because it was not implemented pursuant to the procedures set forth in R.C. Chapter 119 and R.C. 111.15 for promulgation of rules.

R.C. 119.02 provides:

"Every agency authorized by law to adopt, amend, or rescind rules shall comply with the procedure prescribed in sections 119.01 to 119.13, inclusive, of the Revised Code, for the adoption, amendment, or rescission of rules. * * *"

The agencies to which R.C. 119.02 applies are set forth in R.C. 119.01(A). That section provides:

" 'Agency' means, except as limited by this division, any official, board, or commission having authority to promulgate rules or make adjudications in the bureau of employment services, the civil service commission, the department of industrial relations, the department of liquor control, the department of taxation, the industrial commission, the bureau of workers' compensation, the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections 119.01 to 119.13 of the Revised Code, and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses. * * *"

This definition does not expressly apply to state psychiatric institutions, nor are we aware of any case law construing it as such. Consequently, we do not believe that Fallsview is subject to the requirements of R.C. Chapter 119 for promulgation of rules.

R.C. 111.15 sets forth a different set of requirements for promulgation of rules by agencies. "Agency" for purposes of that section appears to include state psychiatric institutions and is defined as follows:

" 'Agency' means any governmental entity of the state and includes, but is not limited to, any board, department, division, commission, bureau, society, council, institution, state college or university, community college district, technical college district, or state community college. * * *" R.C. 111.15(A)(2).

Under R.C. 111.15, a rule adopted by any such agency is effective only upon completion of certain filing procedures.

The issue which we must determine, then, is whether the no-smoking policy constitutes a "rule" as defined in R.C. 111.15(A)(1):

" 'Rule' includes any rule, regulation, bylaw, or standard having a general and uniform operation adopted by an agency under the authority of the laws governing the agency; any appendix to a rule; and any internal management rule. * * * "

It is appellants' position that the no-smoking policy is an internal management rule and therefore subject to the requirements of R.C. 111.15. R.C. 111.15(A)(3) defines "internal management rule" as "any rule, regulation, bylaw, or standard governing the day-to-day staff procedures and operations within an agency."

Appellants, however, present no authority to support their interpretation of the policy as an internal management rule and have failed to persuade us of such. Instead, we believe that this policy falls within the "executive charge" of the managing officer for the institution as set forth in R.C. 5119.27. That section provides:

"Subject to the rules of the director of mental health, each institution under the jurisdiction of the department shall be under the management and control of a managing officer to be known as a superintendent or by another appropriate title. * * *

"The managing officer, under the director, shall have entire executive charge of the institution for which such managing officer is appointed. * * * "

It is our view that the legislature did not intend for every directive of the managing officer to be subject to promulgation procedures and, therefore, granted the managing officer executive charge of the institution. We believe that the policy at issue here falls within that charge and is exempt from the promulgation requirements of R.C. 111.15. The first assignment of error is overruled.

## Assignment of Error No. II

"The trial court erred as a matter of law when it entered summary judgment in favor of appellees on plaintiffs' fifth cause of action, which alleged that Fallsview Psychiatric Hospital's no-smoking policy violated R.C. 5122.29."

█ Appellants next contend that Fallsview's no-smoking policy is invalid as a violation of R.C. 5122.29(F)(4). We disagree.

R.C. 5122.29(F) sets forth a list of personal privileges to which patients hospitalized or committed pursuant to R.C. Chapter 5122 have a right. In particular, R.C. 5122.29(F)(4) provides patients with the right to "keep and use personal possessions, including toilet articles."

Each of the personal privileges listed in that statute, however, is subject to the limiting language contained in R.C. 5122.29(F) that the right be "consistent with health and safety." Given the evidence of the greater risk and incidence of fire associated with allowing patients to smoke, we believe that the denial of smoking privileges may reasonably be considered consistent with health and safety and thus denied under that provision. The second assignment of error is overruled.

### Assignment of Error No. III

"The trial court erred as a matter of law when it entered summary judgment in favor of appellees on appellants' sixth cause of action, which alleged that Fallsview Psychiatric Hospital's no-smoking policy violated the Equal Protection Clause of the Fourteenth Amendment."

■ Appellants argue that the no-smoking policy discriminates against patients at Fallsview and, therefore, violates the Equal Protection Clause. Specifically, appellants contend that patients are not treated equally with patients at other psychiatric hospitals and with staff and visitors of Fallsview who are permitted to smoke outside on hospital grounds.

■ To be valid, a classification which does not affect a fundamental right must be rationally related to achieving a legitimate state purpose. *Schweiker v. Wilson* (1981), 450 U.S. 221, 230, 101 S.Ct. 1074, 1080–1081, 67 L.Ed.2d 186, 195. Such a determination is to be made using a two-step analysis:

(1) Does the challenged legislation have a legitimate purpose? and

(2) Was it reasonable to believe that use of the challenged classification would promote that purpose? *W. & S. Life Ins. Co. v. State Bd. of Equalization of California* (1981), 451 U.S. 648, 668, 101 S.Ct. 2070, 2082–2084, 68 L.Ed.2d 514, 530–531.

We reject appellants' argument that the policy fails both steps of the above analysis. The stated purpose of the policy was "[t]o provide educational information regarding the hazards of smoking (health, fire, safety); to provide a smoke-free environment." Fallsview's Chief Executive Officer stated that prior to implementing the no-smoking policy she had received many complaints about the unhealthy conditions caused by smoking in the hospital, and that the policy was in response to the concerns raised in the complaints. Appellees presented considerable evidence of fires and other cigarette-related hazards which occurred prior to the imposition of the no-smoking policy. They further presented evidence that restriction of patient smoking to certain designated areas was unsuccessful in eliminating the fire hazard.

We believe that the purpose of promoting health at the hospital is legitimate, and that a ban on patient smoking, *i.e.*, a ban on the use and possession of

cigarettes and lighters, is a reasonable means of implementing that purpose. The third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and DICKINSON, J., concur.